the law that the defendant's home office must have known of violations in such cases when acting on applications for insurance received through them. But even if this perhaps extensive inference is accepted, we do not see how these somewhat isolated instances can be accepted as a waiver by defendant of this provision of its contract with plaintiff. We think, therefore, that the effect of plaintiff's violation of this term of the contract is not controverted by his counsel's affidavit and that hence there was no genuine issue as to any material fact which would call for a trial under Federal Rules of Civil Procedure, rule 56(c), 28 U.S.C.A. following section 723c. Bushwick-Decatur Motors v. Ford Motor Co., 2 Cir., 116 F.2d 675.

The judgment is affirmed.

**PER CURIAM.**

This case came on to be heard on the record and briefs and oral argument of counsel.

And it appearing that the trial court did not err in instructing the jury by pointing out the inconsistency between the answer to interrogatory No. 4 and the general verdict, Rule 49(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; and it appearing that there is substantial evidence to support the verdict of the jury, Cleveland R. Co. v. Hunt, 116 Ohio St. 291, 156 N.E. 133; Cleveland R. Co. v. Merk, 124 Ohio St. 596, 180 N.E. 51; Yager, Receiver, v. Marshall, 129 Ohio St. 584, 196 N.E. 375, it is ordered that the judgment be, and it hereby is affirmed.

## CO–OPERATIVE TRANSIT CO. v. DAYOUB.

### No. 9484.

Circuit Court of Appeals, Sixth Circuit.

Oct. 13, 1943.

Gordon D. Kinder, of Martins Ferry, Ohio, for appellant.

Jesse K. George, of Steubenville, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

## SCHANTZ v. AMERICAN DREDGING CO.

### No. 8332.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 5, 1943.

Decided Oct. 22, 1943.

